757 So.2d 872 (2000)
STATE of Louisiana
v.
Brenda A. STEVENSON.
No. 99-KA-2824.
Court of Appeal of Louisiana, Fourth Circuit.
March 15, 2000.
*873 William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant-Appellant.
Harry F. Connick, District Attorney of Orleans Parish, Cate L. Bartholomew, Assistant District Attorney, New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
Court composed of Chief Judge ROBERT J. KLEES, Judge STEVEN R. PLOTKIN, Judge MICHAEL E. KIRBY.
PLOTKIN, Judge.
Defendant Brenda A. Stevenson was charged by bill of information on May 21, 1998, with possession of cocaine with intent to distribute, a violation of La. R.S. 40:967 A.[1] At her arraignment on June 1st, she pled not guilty. The trial court found probable cause and denied the motion to suppress the evidence on July 24th. After trial on December 9th, a twelve-member jury found her guilty as charged. The State filed a multiple bill, to which defendant pled not guilty. However, after a hearing, she was found to be a third offender under La. R.S. 15:529.1 and was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence. Her motion for reconsideration of sentence was denied, and her motion for an appeal was granted.
At trial Officer Nicole Gouch testified that she and her partner, Officer Lionel Jackson, were working in an undercover capacity, wearing plain clothes and driving an unmarked car, on Chef Menteur Highway on April 30, 1998. They noticed a woman standing on the corner of Chef Menteur Highway and Werner Street, and they asked her where they could buy a twenty-dollar rock. The woman said that she had no drugs but knew where to get them, and she then entered the officers' car and directed them to Leeds and Flake Streets. After telling them to park in the 4600 block of Flake Street, she got out of the car and spoke to a man standing nearby. He gave her a rock, and she returned to the car, handed the rock to the officers, and received twenty dollars in exchange. Officer Jackson was wearing a radio transmitter so that a back-up team could hear the transaction. The officers left the scene and radioed a description of the couple to their back-up team. The officers drove back to the scene to ensure that their back-up team had arrested the couple who sold them the rock and found that they had been stopped.
Officer Lionel Jackson testified to the same facts. He also said the twenty-dollar bill had been photocopied. The audio-tape made during the drug transaction was played for the jury.
Officer Jeffrey Sislo testified that he was part of the undercover team involved in the arrest of defendant. He photographed the twenty-dollar bill that was retrieved from the man arrested with defendant. The officer and his partner, Detective Donald Polk, were driving an unmarked car with a receiver which picked up the radio transmission and recorded the sounds in Officer Gouch's car.
Officer Roy Phillips testified that he was part of the surveillance team monitoring the undercover officers. He watched as they met the defendant and took her to Flake Street, where she sold a rock to them. After the sale, the officer directed the arresting officers to the defendant and the man with her, both of whom were standing on Flake Street.
*874 Officer Joey Williams testified that he also was part of the undercover operation. After receiving a radio message that the buy was completed, Officer Williams made the arrest of the man from whom defendant received the rock; another officer arrested the defendant.
The parties stipulated that the rock was tested and found to be crack cocaine.

ERRORS PATENT:
A review of the record for errors patent reveals none.

DISCUSSION:
In her only assignment of error, defendant claims that the imposition of a life sentence is an unconstitutionally excessive punishment for her, a third offender convicted of distribution of one rock of cocaine and two property offenses. She cites State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, writ denied, 98-3054 (La.4/1/99), 741 So.2d 1282, in which a fourth felony offender's life sentence was vacated, and argues that her case is similar.
Defendant recognizes that her sentence is legislatively mandated under the state law governing multiple offenders, specifically La. R.S. 15:529.1 A(1)(b)(ii). However, she argues that a sentence falling within the statutory limits may still violate the constitutional prohibition against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence is unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and/or is grossly out of proportion to the severity of the crime. State v. Lobato, 603 So.2d 739 (La.1992); State v. Telsee, 425 So.2d 1251 (La.1983).
The minimum sentences imposed on multiple offenders by the Habitual Offender Law are presumed to be constitutional. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672. The defendant accordingly bears the burden of rebutting this presumption. State v. Short, 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, writ denied, 99-0198 (La.5/14/99), 745 So.2d 11. A court may only depart from a minimum sentence if there is clear and convincing evidence before it that rebuts the presumption. Johnson, 97-1906 at p. 7, 709 So.2d at 676.
In Burns, supra, the defendant's life sentence as a fourth felony offender was vacated because this court was unable to conclude that the life sentence was not constitutionally excessive as applied to that particular defendant. Burns was convicted of distributing a single rock of crack cocaine. He had two prior convictions for possession of cocaine and one conviction for possession of stolen property. At trial, Burns testified that he was addicted to cocaine; and this court found that, based on the evidence in the record, Burns was driven by his cocaine addiction to sell drugs to support his habit. In its opinion, this court considered Burns' age (25); his family background; his drug addiction; the fact that all of the felonies were nonviolent; and the fact that there was no evidence that he had ever possessed a dangerous weapon. After considering all of the circumstances of the case, this court vacated the life sentence, reasoning, "[W]e are unable to conclude that this life sentence is not excessive under the constitutional standard. We therefore affirm defendant's conviction and habitual offender adjudication, vacate the sentence and remand for resentencing in accordance with the views expressed herein." 97-1553 at 11, 723 So.2d at 1020.
This case is similar to Burns in that the underlying offense was the sale of one rock of cocaine. When she was arrested, no drugs were found on her. Her other two offenses were a felony theft in 1985 and a simple burglary of an inhabited dwelling in 1987. Like the defendant in Burns, defendant has not committed any violent crimes; and there is no evidence that she has ever used a dangerous weapon. Unlike Burns, *875 however, defendant did not testify at trial, nor did anyone testify on her behalf. Consequently, we know only that she is thirty-eight years old and a mother. Although there was no direct testimony as to her use of drugs at her trial or sentencing, the trial court ordered her to report to a substance abuse program. It is possible, then, that defendant is an addict like Burns who sold the rock to support her own habit.
In State v. Randall, 98-1763 (La.App.3 Cir.6/9/99), 741 So.2d 852, writ granted, 1999-2476 (La.2/11/00), 754 So.2d 245, the court vacated the life sentence of a third felony offender after finding it excessive as applied to a twenty-nine year old convicted of simple robbery twice and illegal possession of stolen goods. The court stated:
While defendant unquestionably deserves imprisonment, a life sentence without benefit of parole, probation or suspension of sentence, would defeat any rehabilitative goal of our penal system; and in this rare instance, it is fundamentally excessive. The United States Supreme Court has declared [that] the Eighth Amendment to the United States Constitution bars excessive punishment, i.e., punishment that "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." Coker v. Georgia, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977). The Eighth Amendment bar also applies to punishment imposed by state courts. Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court invalidated a prison sentence on the ground that it was too severe in relation to the crime defendant committed, stating:
In sum, we hold as a matter of principal that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional. As the court noted in Robinson v. California, 370 U.S., at 667, 82 S.Ct., at 1420, a single day in prison may be unconstitutional in some circumstances.
463 U.S., at 290, 103 S.Ct., at 3009 (footnote omitted).
Legislatively mandated minimum sentences, as well as those imposed by trial courts within a statutory range, do not automatically meet constitutional muster. We must review all sentences for constitutionally prohibited excessiveness. A life sentence forever closes the door of hope that this young defendant might one day learn from his past mistakes and ready himself to become a productive participant in our society. See, State v. Burns, supra. This State's, as well as the United States Constitution, prevents us from affirming such sentences, even if legislatively ordered, based on this record.
98-1763 at 11-12, 741 So.2d at 859.
In the case at bar, the life sentence imposed on this third offender may not be proportionate to the crime for which she was convicted, namely the selling of one rock of cocaine. Defendant does not have a violent history and does not appear to have significant ties to drug distributors. She may have been supporting a drug addiction with the transaction; she is fairly young, and she is a mother. It must be remembered that, if defendant does receive a life sentence, any hope for her rehabilitation will vanish, and "the taxpayers of the state [will have to] feed, house, and clothe [her] for life." State v. Hayes, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d *876 301, 303. On the other hand, it cannot be forgotten that defendant has had two prior chances to prove herself capable of rehabilitation and has failed. She deserves severe, but constitutional, punishment.
On the record before us, we are unable to conclude either that defendant's mandatory life sentence is constitutional or that there is clear and convincing evidence to the contrary. Therefore, we vacate defendant's sentence and remand this case to the district court for a hearing at which defendant may present evidence that she is "exceptional ... a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223 (Plotkin, J., concurring). The district court must also consider whether, in light of the evidence presented by defendantand any countervailing evidence presented by the Statea mandatory life sentence, for this defendant, makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless imposition of pain and suffering, and/or is grossly out of proportion to the severity of her crime. Lobato, supra. If defendant succeeds in carrying her burden, the district court, after carefully considering the evidence before it, shall use its great discretion to sentence her to the longest sentence that is not constitutionally excessive, i.e. to the maximum constitutional sentence. Randall, 741 So.2d at 860. Having found no errors patent, we affirm defendant's conviction and adjudication as a third-time offender.
CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED FOR RESENTENCING.
NOTES
[1] The defendant was arrested and charged with Odell Williams, who was found guilty of possession of cocaine and was sentenced to six years as a second offender.