776 So.2d 424 (2000)
STATE of Louisiana
v.
James Tyrone RANDALL.
No. 99-K-2476.
Supreme Court of Louisiana.
December 15, 2000.
Rehearing Denied January 26, 2001.
Richard P. Ieyoub, Atty. Gen., Charles F. Wagner, Dist. Atty., Thomas Walsh, Jr., Alexandria, Counsel for Applicant.
Michael A. Brewer, Pineville, for Respondent.
PER CURIAM:[*]
The decision in State v. Randall, 98-1763 (La.App. 3rd Cir.6/9/99), 741 So.2d 852 is affirmed to the extent that it upholds respondent's conviction for simple robbery in violation of La.R.S. 14:65 and his adjudication as a multiple offender pursuant to La.R.S. 15:529.1. However, the decision is reversed insofar as it vacates respondent's sentence and remands for resentencing and the sentence imposed by the trial court is reinstated.
Although fully aware of his discretion to impose in exceptional cases a sentence less than the mandatory minimum term provided by the legislature, see State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the trial judge expressly adhered to the legislative mandate in this case on *425 grounds that the defendant's present conviction is his second for a crime of violence, as defined by La.R.S. 14:2(13), and that the victim "was seriously injured and actually could have been killed under the circumstances of that robbery." The evidence presented at trial supported a finding that respondent initiated the assault on the victim by grabbing the handlebars of the victim's bicycle and striking him several times while his co-perpetrator approached from behind and hit the victim over the head with a beer bottle, knocking him to the ground unconscious. A passerby who found the stunned victim covered in mud and blood after respondent and the co-perpetrator rode away on the bicycle described the victim's mind as "pretty much gone." As a principal to the crime, respondent was responsible not only for his own acts but also for the blows inflicted by his accomplice, including the use of a beer bottle as a dangerous weapon. State v. Anderson, 97-1301, p. 3 (La.2/6/98), 707 So.2d 1223, 1224 ("Acting in concert, each man then became responsible not only for his own acts but for the acts of the other."); State v. Reynolds, 209 La. 455, 24 So.2d 818 (1945) (beer bottle may constitute a dangerous weapon in the manner of use).
Under these circumstances, the trial court did not abuse its discretion by concluding that the 29-year-old respondent, whom the court of appeal acknowledged "has not learned much from his previous punishments," Randall, 98-1763 at 10, 741 So.2d at 859, had failed to show clearly and convincingly that he is "a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." Johnson, 97-1906 at 8, 709 So.2d at 676 (internal quotation marks and citation omitted). The district court therefore properly declined to substitute its judgment as to the appropriate punishment for that of the legislature.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART; SENTENCE REINSTATED; CASE REMANDED.
JOHNSON, J., dissents.
NOTES
[*] Lemmon, J., not on panel. See La. S.Ct. Rule IV, Part II, § 3.