775 So.2d 661 (2000)
STATE of Louisiana
v.
Darryl K. WEBSTER.
No. 98-KA-0807.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 2000.
Rehearing Denied January 12, 2001.
*662 Harry F. Connick, District Attorney of Orleans Parish, Holli Herrle-Castillo, Assistant District Attorney, Nicole Brasseaux Barron, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, Counsel for Defendant/Appellant.
Court composed of Judge ARMSTRONG, Judge KIRBY, Judge TOBIAS.
TOBIAS, Judge.
The Supreme Court of Louisiana has remanded this matter to us to reconsider our 10 November 1999 decision in light of their ruling in State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339.
We adhere to our recitation of facts as set forth in our original opinion, State v. Webster, 98-0807 (La.App. 4 Cir.11/10/99), 746 So.2d 799. In that opinion, we held that the imposition of a life sentence pursuant to the "three strikes" provision of Section 529.1(A)(1)(b)(ii) of Title 15 of the Louisiana Revised Statutes (the Habitual Offender Law) was excessive for purse snatching (La. R. S.14:65.1). Purse snatching is a "crime of violence" under La. R .S. 14:2(13)(z).
In State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, the Supreme Court set out guidelines for when and under what circumstances a court should exercise its discretion to declare excessive a minimum sentence mandated by the Habitual Offender Law. "[A] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut [the] presumption of constitutionality" and that "departures downward from minimum sentences under the Habitual Offender Law should occur only in rare situations." Id., 97-1906 at p. 8, 709 So.2d at 677. The defendant must show that his case is exceptional, to-wit, he is "a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." Id. Although the trial judge in sentencing may look to the defendant's record of non-violent offenses, the Habitual Offender Law has already taken into account that third and fourth offenders with a history of violent offenses are to be punished more severely than those with non-violent offenses. Further, a trial judge is required to keep in mind that the goal of the Habitual Offender Law is to deter and punish recidivism and not question the legislature's wisdom. The defendant must prove clearly and convincingly that in his or her particular case the sentence pursuant to the Habitual Offender Law is so excessive as to violate the Louisiana Constitution. If clear and convincing evidence justifies a downward departure from that set forth in the Habitual Offender Law, the judge is required to sentence the defendant to the longest sentence which is not constitutionally excessive.
Mr. Webster has two prior convictions for simple burglary. The present conviction is for purse snatching, a crime of violence. The trial judge found no circumstance that would permit it to deviate from the statutorily mandated sentence. The record discloses nothing that would indicate that the trial judge abused his discretion, albeit during the commission of the crime Mr. Webster was unarmed, the victim was not physically harmed, and the victim's property was recovered. (By its very nature, the act of snatching a purse involves a physical act that places the victim at risk for physical injury.)
*663 For these reasons, we vacate our original decree and reinstate the sentence of life imprisonment upon Mr. Webster.

SENTENCE REINSTATED; CONVICTION AFFIRMED.
ARMSTRONG, J., dissenting.
I respectfully dissent. Based on the record before us and in light of Johnson, I would vacate the defendant's sentence and remand this case for a hearing at which the defendant may show by clear and convincing evidence that the mandatory penalty of life imprisonment is unconstitutionally excessive as applied to him. If the defendant succeeds in carrying his burden, the district court, after carefully considering the evidence before it, shall use its great discretion to sentence him to the longest sentence that is not constitutionally excessive, i.e. to the maximum constitutional sentence. State v. Randall, 741 So.2d 852, at 860.