# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-252

STATE OF LOUISIANA

VERSUS

MICHAEL W. COLTON

**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-216-06
HONORABLE HERMAN I. STEWART, JR., PRESIDING
**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir and Billy H. Ezell, Judges.

Cooks, J., dissents in part and assigns reasons.

AFFIRMED AS AMENDED AND
REMANDED WITH INSTRUCTIONS.

David W. Burton, District Attorney
Richard A. Morton, Assistant District Attorney
36th Judicial District Court
P.O. Box 99
DeRidder, LA 70634
(337) 463-5578
COUNSEL FOR APPELLEE:
        State of Louisiana

Sherry Watters
Louisiana Appellate Project
P.O. Box 58769
New Orleans, LA 70158-8769
(504) 599-0931
COUNSEL FOR DEFENDANT-APPELLANT:
        Michael W. Colton

**DECUIR, Judge.**

On August 10, 2005, the Defendant, Michael W. Colton, sold 0.10 grams of rock cocaine to undercover officer Marie Potter in DeRidder, Louisiana. A bill of information was filed charging Defendant with distribution of cocaine, in violation of La.R.S. 40:967. A jury found him guilty as charged.

The State filed a habitual offender bill, and the trial court conducted a hearing, finding Defendant to be a fourth offender. The trial court sentenced Defendant to life imprisonment. The court denied his motion to reconsider sentence.

Defendant now appeals his conviction, adjudication as a habitual offender, and sentence. He assigns four errors.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is one error patent involving the sentence imposed.

Prior to imposing Defendant's sentence, the judge stated, "The Court now adjudicates you to be a fourth felony habitual offender, pursuant to the Louisiana Habitual Offender Law, R.S. 15:529.1A(1)(c)(ii), and further finds you are not entitled to diminution of sentence for good behavior under R.S. 15:571.3C(1), (2) and (3)." When imposing Defendant's sentence the judge stated, "It is the sentence of the Court that you, Michael W. Colton, be incarcerated at hard labor with the Department of Corrections for the remainder of your natural life. You shall not be entitled to diminution of sentence for good behavior as provided in R.S. 15:571.3C(1), (2) and (3)." Later, when clarifying a point for the prosecutor, the judge reiterated that Defendant was not entitled to diminution of sentence for good behavior.

This court has held that similar language was not merely a La.Code Crim. P. art. 894.1(D)(1) advisement, but was an actual denial of eligibility for diminution of sentence. *See State v. Davis*, 05-543 (La.App. 3 Cir. 12/30/05), 918 So.2d 1186, *writ denied*, 06-587 (La. 10/13/06), 939 So.2d 372. La.R.S. 15:571.3(C) is directed exclusively to the Department of Corrections and prohibits the department from granting good time to defendants who have been adjudicated an habitual offender. *State v. Narcisse*, 97-3161 (La. 6/26/98), 714 So.2d 698. Therefore, a trial judge does not have authority to deny diminution of sentence under that provision. *Id.* Accordingly, we find the trial court's statements regarding diminution was improper and Defendant's sentence is hereby amended to delete the trial court's statements regarding diminution eligibility. Additionally, the district court is instructed to make an entry in the minutes reflecting this amendment.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant alleges his trial counsel had a conflict of interest that prevented the effective representation of his interests and rights. He claims his trial counsel, Charles A. "Sam" Jones III, prosecuted him for one of the prior offenses for which he was habitualized. The State responded that Defendant, through his appellate counsel, is "arguing facts which are not in the record and/or which are simply not true."

As the State points out, the transcript of Defendant's guilty plea on September 14, 1989 shows that trial counsel Jones was not involved in the plea, even though the minutes for that date show he was present. It is well-settled that when minutes and a transcript conflict, the transcript controls. Thus, Defendant's assignment lacks factual support.

2

## ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, Defendant argues his habitual offender sentence is unconstitutional, because it was a life sentence and the habitual offender proceedings were not instituted by a grand jury.

As the State observes in its brief, Defendant failed to make this objection at trial. Therefore, he may not raise it for the first time on appellate review. "Constitutional issues are no exception." *State v. Williams*, 02-1030, p. 7 (La. 10/15/02), 830 So.2d 984, 988. The *Williams* case included challenges to the constitutionality of a particular evidentiary statute which the supreme court declined to address.

Additionally, the assignment lacks substantive merit. The Louisiana Constitution does not require a grand jury indictment for habitual offender proceedings. *State v. Jolla*, 337 So.2d 197 (La.1976); *State v. Maduell*, 326 So.2d 820 (La.1976); and *State v. Williams*, 326 So.2d 815 (La.1976).

## ASSIGNMENT OF ERROR NO. 3

In his third assignment of error, Defendant argues the habitual offender proceeding was unconstitutional because it caused his sentence to be enhanced based upon factual determinations made by the judge, rather than the jury. Defendant cites *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), *rehearing denied*, 542 U.S. 961, 125 S.Ct. 21 (2004) and *U.S. v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005), for the proposition that facts used to enhance a sentence should be found by the jury, rather than the judge. However, the Supreme Court has excepted the existence of prior convictions from this requirement. *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998); *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

As recently as April 18, 2007, in *James v. United States*, __ U.S. __, 127 S.Ct. 1586 (2007), the Supreme Court indicated, albeit in its eighth footnote, that the prior convictions exception remains extant. Therefore, this assignment lacks merit.

<u>                         </u>**ASSIGNMENT OF ERROR NO. 4**

In his final assignment of error, Defendant argues his life sentence is excessive. The trial court found Defendant to be a fourth habitual offender; thus, a life sentence was mandated by La.R.S. 15:529.1(A)(1)(c)(ii). Defendant made an oral objection to the sentence, without elaboration. In his subsequent written motion to reconsider sentence, Defendant again failed to specify a legal basis for the motion. Thus, he is now limited to review of a bare claim of excessiveness. La.Code Crim.P. arts.881.1(B), (E); 881.2(A)(1). In a review of an appeal by the State, this court explained the analysis for such excessiveness claims under La.R.S. 15:529.1:

> In *State v. Johnson*, 97-1906, pp. 6-8 (La.3/4/98); 709 So.2d 672, 674-77 . . . , the supreme court addressed the circumstances under which *State v. Dorthey*, 623 So.2d 1276 (La.1993), would permit a downward deviation from a statutorily-mandated sentence:
>
>> In *State v. Dorthey*, supra, this Court held that a trial court must reduce a defendant's sentence to one not constitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." *Id.* at 1280-81. Finding a mandatory minimum sentence constitutionally excessive requires much more, though, than the mere utterance of the phrases above.
>>
>> A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. See *State v. Dorthey*, supra at 1281 (Marcus, J., concurring); *State v. Young*, supra [94-1346 (La.App. 4 Cir. 10/26/95); 663 So.2d 525]. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.

4

*A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality.* While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of non-violent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive.

Instead, to rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must *clearly and convincingly* show that:

> *[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.*

*Young*, 94-1636 at pp. 5-6, 663 So.2d at 528 (Plotkin, J., concurring).

When determining whether the defendant has met his burden of proof by rebutting the presumption that the mandatory minimum sentence is constitutional, the trial judge must also keep in mind the goals of the Habitual Offender Law. Clearly, the major reasons the Legislature passed the Habitual Offender Law were to deter and punish recidivism. Under this statute the defendant with multiple felony convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Given the Legislature's constitutional authority to enact

5

statutes such as the Habitual Offender Law, it is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.

. . . .

*Johnson*, 709 So.2d 672, clearly states that a non-violent history cannot be the major reason for a downward deviation. At the reconsideration hearing the trial court acknowledged *Johnson*, but then relied upon Defendant's non-violent history as the main reason for its downward deviation. The only other factor in the trial court's reasons was its view of policy considerations. However, as explained in *Johnson*, policy decisions regarding habitual offenders have already been made by the legislature. We, therefore, find merit in the State's assignments of error.

*State v. Calhoun*, 00-614, pp. 17-20 (La.App. 3 Cir. 11/2/00), 776 So.2d 1188, 1198-1200, *writ denied*, 00-3309 (La. 10/26/01), 799 So.2d 1151.

At the sentencing hearing in the present case, the court explained:

The Court ordered and received a pre-sentence investigation report from the Department of Probation and Parole, even though in this case there is mandatory life imprisonment sentence required. The PSI reflects that in addition to the four felony convictions described above, you also committed and were convicted of numerous misdemeanors, including simple battery, disturbing the peace, possession of drug paraphernalia, criminal neglect of family, theft of goods and resisting an officer. You are now 40 years of age; and for no substantial period during your adult life have you not been either incarcerated, on parole or on probation. In short, you have lived a life of crime.

The mandatory sentence prescribed in R.S. 15:529.1 is found by this Court to be not constitutionally excessive, nor is it inappropriate or unlawful. Further[,] the Court specifically finds that the sentence is neither cruel nor unusual.

Defendant has failed to demonstrate that he is "exceptional" pursuant to *Johnson* and *Young*. He testified at the habitual offender hearing, but he focused on claiming that he was innocent of the underlying offense. At the end of his testimony,

6

he admitted being a drug user, and claimed to be an addict, but denied having sold drugs since 1993.

We find Defendant's unsupported claim that he is merely a drug user, rather than a drug distributor, is negated by his most recent conviction. The fifth circuit has held that a defendant's bare claim that he is a non-violent addict will not render the mandatory minimum sentence of La.R.S. 15:529.1 excessive. *State v. Harbor*, 01-1261 (La.App. 5 Cir. 4/10/02), 817 So.2d 223, 227, *writ denied*, 02-1489 (La. 5/9/03), 843 So.2d 388.

Pursuant to the jurisprudence discussed, we conclude the assignment lacks merit.

**DECREE**

Defendant's conviction is affirmed; his sentence is amended to delete the trial court's statements regarding diminution eligibility. The case is remanded and the district court is instructed to make an entry in the minutes reflecting this amendment.

**AFFIRMED AS AMENDED AND REMANDED WITH INSTRUCTIONS.**

STATE OF LOUISIANA

VERSUS

MICHAEL W. COLTON


**COOKS, J., dissents in part.**

I agree with the majority's affirmance of Defendant's conviction and habitual offender adjudication. However, I find there is merit to Defendant's assignment of error that his life sentence is excessive. A review of the record indicates Defendant's prior felony offenses involved small, street level sales of cocaine and one theft of livestock. The underlying offense in this case was the selling of .10 grams of rock cocaine for twenty dollars. In my opinion the record clearly establishes Defendant is a drug addict, and that his addiction causes his recidivism. Therefore, I find the sentence of life imprisonment without benefit of probation, parole or suspension was excessive and constitutes cruel and unusual punishment.

The Fourth Circuit in *State v. Burns*, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, *writ denied*, 98-3054 (La. 4/1/99), 741 So.2d 1282, and *State v. Stevenson*, 99-2824 (La.App. 4 Cir. 3/15/00), 757 So.2d 872, *writ denied*, 00-1061 (La.11/17/00), 773 So.2d 734, noted that where a sentence of life imprisonment is involved, heightened scrutiny is triggered in determining if a downward departure from the statutory minimum is warranted. The court in *Burns* stated:

> Here the defendant has much more at stake than did the defendant in *Johnson*. In this case, the defendant will spend the rest of his life in jail because of the mandatory life sentence imposed. . . .
>
> Whenever a defendant is faced with a mandatory life sentence as a multiple offender, ***heightened scrutiny*** is triggered when determining

if defendant falls within those "rare" circumstances where a downward departure is warranted. [Emphasis added.]

*Id*., p. 8, 723 So.2d at 1019.

The defendant in *Burns* was observed by police selling one rock of crack cocaine to a third person. When arrested, the defendant was in possession of two more rocks and fifty-seven dollars. The defendant testified at trial that he was addicted to cocaine. Noting that two of the defendant's prior convictions were for possession of cocaine, the *Burns* court concluded, "thus it is safe to assume he deals to support his habit." *Id*. at p. 9, 723 So.2d at 1019. The defendant was twenty-five years old, and the court felt the defendant was "young enough to be rehabilitated." Though recognizing that the simple fact that none of the defendant's felonies were non-violent was insufficient alone to override the legislatively designated sentence under the Habitual Offender Law, the court in *Burns* cited *Johnson* for the proposition that this fact should not be discounted. The court also cited two economic impact considerations that the defendant would never be a productive taxpayer in prison, and that life imprisonment imposes an undue burden on taxpayers of the state who must feed, house, and clothe the defendant for life, and provide geriatric care in later years. The court vacated the life sentence finding that, on the facts pertaining to that defendant, it was "unable to conclude that this life sentence is not excessive under the constitutional standard."

Similarly, in *Stevenson* the Fourth Circuit placed great weight on the fact that a life sentence was involved:

A life sentence forever closes the door of hope that this young defendant might one day learn from his past mistakes and ready himself to become a productive participant in our society.

*Stevenson*, p. 5-6, 757 So.2d at 875.

In *Stevenson*, 99-2824 (La.App. 4 Cir. 3/15/00), 757 So.2d 872, *writ denied*, 00-1061 (La. 11/17/00), 773 So.2d 734, the Fourth Circuit reversed the mandatory

life sentence imposed upon a third-felony habitual offender, likening it to *Burns*. In Stevenson, the defendant was a thirty-eight year old mother convicted of distribution of one rock of crack cocaine, with prior convictions for felony theft and simple burglary of an inhabited dwelling. No drugs were found on her person after her arrest for distribution of cocaine. The court noted that, like the defendant in *Burns*, the defendant in *Stevenson* had no record of violent crimes, nor was there any evidence she had ever used a dangerous weapon. The court conceded that, unlike in *Burns*, the defendant in *Stevenson* did not testify that she was a drug addict, and no one testified in her behalf. However, the *Stevenson* court noted the trial court had ordered the defendant to report to a substance program, and inferred the possibility that she, like the defendant in *Burns*, was a drug addict who sold the cocaine to support her own habit. The court concluded by stating:

> In the case at bar, the life sentence imposed on this third offender may not be proportionate to the crime for which she was convicted, namely the selling of one rock of cocaine. Defendant does not have a violent history and does not appear to have significant ties to drug distributors. She may have been supporting a drug addiction with the transaction; she is fairly young, and she is a mother. It must be remembered that, if defendant does receive a life sentence, any hope for her rehabilitation will vanish, and "the taxpayers of the state [will have to] feed, house, and clothe [her] for life." *State v. Hayes*, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, 303. On the other hand, it cannot be forgotten that defendant has had two prior chances to prove herself capable of rehabilitation and has failed. She deserves severe, but constitutional, punishment.

> On the record before us, we are unable to conclude either that defendant's mandatory life sentence is constitutional or that there is clear and convincing evidence to the contrary. Therefore, we vacate defendant's sentence and remand this case to the district court for a hearing at which defendant may present evidence that she is "exceptional ... a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case." *State v. Young*, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 528, *writ denied*, 95-3010 (La.3/22/96), 669 So.2d 1223 (Plotkin, J., concurring). The district court must also consider whether, in light of the evidence presented by defendant--and any countervailing evidence presented by the State--a mandatory life sentence, for this defendant, makes no measurable contribution to acceptable goals of punishment, is

nothing more than the purposeless and needless imposition of pain and suffering, and/or is grossly out of proportion to the severity of her crime. *Lobato*, supra. If defendant succeeds in carrying her burden, the district court, after carefully considering the evidence before it, shall use its great discretion to sentence her to the longest sentence that is not constitutionally excessive, i.e. to the maximum constitutional sentence. *Randall*, 741 So.2d at 860.

*Stevenson*, at pp. 6-7, 757 So.2d at 875-76.

The result in *Stevenson* differs from that in *Burns*, because in *Stevenson* the court found what was in the record may have suggested that the mandatory life sentence might be unconstitutionally excessive, but because the evidence was insufficient to definitely resolve the issue, the court vacated the sentence and remanded the case to allow the defendant the opportunity to prove by clear and convincing evidence that the mandatory minimum sentence under the Habitual Offender Law is unconstitutionally excessive as applied to him. In *Burns*, the record evidence was sufficient to definitively resolve the issue of excessiveness without a remand.

In *State v. Randall*, 98-1763 (La.App. 3 Cir. 6/9/99), 741 So.2d 852, *writ granted*, 99-2476 (La. 2/11/00), 754 So.2d 245, *aff'd in part, reversed in part*, 99-2476 (La. 12/15/00), 776 So.2d 424, this court vacated the life sentence of a third felony offender after finding it excessive as applied to a twenty-nine year old convicted of simple robbery twice and illegal possession of stolen goods. We stated:

> While defendant unquestionably deserves imprisonment, a life sentence without benefit of parole, probation or suspension of sentence, would defeat any rehabilitative goal of our penal system; and in this rare instance, it is fundamentally excessive. The United States Supreme Court has declared [that] the Eighth Amendment to the United States Constitution bars excessive punishment, i.e., punishment that "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977). The Eighth Amendment bar also applies to punishment imposed by state courts. *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). In *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), the Supreme Court

invalidated a prison sentence on the ground that it was too severe in relation to the crime defendant committed, stating:

> In sum, we hold as a matter of principal that a criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is per se constitutional. As the court noted in *Robinson v. California*, 370 U.S., at 667, 82 S.Ct., at 1420, a single day in prison may be unconstitutional in some circumstances.

463 U.S., at 290, 103 S.Ct., at 3009 (footnote omitted).

> Legislatively mandated minimum sentences, as well as those imposed by trial courts within a statutory range, do not automatically meet constitutional muster. We must review all sentences for constitutionally prohibited excessiveness. A life sentence forever closes the door of hope that this young defendant might one day learn from his past mistakes and ready himself to become a productive participant in our society. *See, State v. Burns*, supra. This State's, as well as the United States Constitution, prevents us from affirming such sentences, even if legislatively ordered, based on this record.

*Id.*, 741 So.2d at 859.

Although the Louisiana Supreme Court reversed our finding that the Defendant in *Randall* had failed to show clearly and convincingly that he was a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case, it did not take exception with the methodology set forth in that opinion.

In the present case, the life sentence imposed on Defendant is not proportionate to the crime for which he was convicted, the selling of $20 worth of rock cocaine. Defendant does not have a violent history and his selling of drugs was done to support his addiction. If Defendant does receive a life sentence, any hope for his rehabilitation is vanquished. While Defendant's continual violation of the laws of this State deserves harsh punishment, it must be constitutional.

On the face of the record before us, I am unable to conclude that this life

sentence is not excessive under the constitutional standard.  I would therefore vacate the sentence and remand for resentencing.