699 So.2d 876 (1997)
STATE of Louisiana
v.
Donald J. VALE.
Nos. 96-KO-2953, 97-K-0158.
Supreme Court of Louisiana.
September 19, 1997.
*877 Elizabeth W. Cole, New Orleans, for Applicant.
Donald J. Vale, pro se.
Paul D. Connick, Jr., Matairie, Thomas J. Butler, New Orleans, Terry M. Boudreaux, Gretna, Louise S. Korns, New Orleans, Richard P. Ieyoub, Attorney General, for Respondent.
PER CURIAM.[*]
Our prior opinion in State v. Vale, 95-0577 (La.1/26/96), 666 So.2d 1070, sets forth the circumstances under which we found that the trial court erred by precluding either relator or his co-defendant, Gayle Neidhardt, from cross examining Michael Bergeron, the state's principal witness, on his felony arrest and pending prosecution for carrying a concealed weapon in violation of La.R.S. 14:95.1. That ruling had restricted the inquiry into the witness's motive and interest in testifying for the state and thereby frustrated an "important function of the constitutionally protected right of cross-examination." Id., 95-0577 at 4, 666 So.2d at 1072. We nevertheless remanded the case to the court of appeal with instructions to conduct harmless-error analysis. Id., 95-0577 at 5, 666 So.2d at 1073. On remand, the court of appeal affirmed the convictions and life sentences of both defendants for possession of heroin with intent to distribute in violation of La.R.S. 40:966. State v. Vale, 93-0895 (La.App. 5th Cir. 11/14/96), 683 So.2d 917. The court of appeal reasoned that with evidence "overwhelmingly one-sided in favor of the state," and with Bergeron thoroughly impeached by his immunity agreement with the state in return for his testimony, his self-confessed role as a street level heroin trafficker, familiar to the police through independent investigation, and by his string of prior convictions, "the damaging potential of the blocked-out cross-examination, even if fully understood by jurors, would not have, beyond a reasonable doubt, made a difference in the outcome." Id., 93-0895 at 1-3, 683 So.2d at 918-19. We granted writs as to Vale only, and now reverse.
Before a reviewing court may declare an error harmless beyond a reasonable doubt it must find that the verdict "`actually rendered in this trial was surely unattributable to the error.'" State v.Code, 627 So.2d 1373, 1384-85 (La.1993) (quoting Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993) (emphasis in original)). We cannot make that finding with regard to Vale because, unlike Neidhardt's case, in which Bergeron consistently implicated Neidhardt in the heroin trafficking scheme and in which independent evidence corroborated his testimony, Bergeron did not implicate Vale as a member of Neidhardt's operation until he met with the prosecution, two weeks after his arrest for carrying a concealed weapon, to prepare his testimony for the forthcoming trial. Only at that time did Bergeron recall that he had conducted a sale of heroin arranged by Neidhardt and executed by Vale two or three weeks before the charged offense. In his trial testimony, Bergeron described the prior sale and told jurors that in the month preceding his arrest he had often seen Vale together with Neidhardt at their bi-weekly meetings.
Bergeron had, however, given the police a statement over a year before trial in which he not only failed to volunteer any information on Vale as he identified other drug dealers, but also, when asked specifically, denied any knowledge that Vale was trafficking in drugs at the time. The defense cross-examination of Bergeron on the basis of his prior statement established the extent of the witness's self-contradiction regarding Vale's role in Neidhardt's operation and forced the *878 witness to claim that he had simply "forgotten" about the prior sale when he spoke with the police after his arrest. Bergeron also admitted that he "may have" confided in his ex-sister-in-law approximately two months before trial that Vale had had nothing to do with the heroin in this case. Nevertheless, the limits placed by the trial court on the cross examination prevented the defense from offering jurors an explanation, besides recovered memory, for why Bergeron's trial testimony diverged so markedly from his pre-trial, out-of-court statements regarding Vale's role in the offense. Bergeron's immunity agreement with the state encompassed only the heroin involved in this case and his subsequent arrest for violation of La.R.S. 14:95.1 exposed him to a sentence of not less than three years at hard labor and to a maximum penalty of 10 years at hard labor. That his deal with the state did not include any other charge gave Bergeron reason to fear that he would nevertheless go to jail on the pending concealed weapons charge and to hope that by delivering both Vale and Neidhardt in a single proceeding he would again escape the consequences of his actions. In fact, it appears that the state dismissed the charge shortly after Bergeron testified in this case.
Although defense cross examination of Bergeron fully acquainted jurors with the witness's unsavory past and his self-interest arising out of his immunity agreement with the state, jurors could nevertheless find his inculpation of Neidhardt reliable because of other corroborating evidence in the case. Police found in Neidhardt's home 14 Tupperware bowls identical to the plastic containers used to transport the heroin in this case; they also discovered in the two bundles of currency taken from her open purse at the time of her arrest the marked bills exchanged in a heroin transaction conducted by Bergeron with a police informant only three days before the charged offense. On the other hand, the police failed to find any evidence in Vale's home connecting him generally to the trafficking of heroin or specifically with Neidhardt's operation. The state's case against Vale as a principal in the delivery of heroin to Bergeron by Neidhardt moments before the police surveillance team stopped Neidhardt's vehicle, or its case for Vale's constructive possession of the same heroin which Bergeron claimed he then threw over the front seat into Neidhardt's open purse as the police closed in, turned almost entirely on Bergeron's testimony that he had exchanged with Vale an empty plastic container for one filled with heroin packets as they rode together in the car unaware of the police trailing behind them. Officer William Grieff, part of the surveillance team, otherwise saw only an ambiguous "exchange of hands" between Vale and Bergeron over the front seat of the car moments before he decided to pull over the vehicle and place all three of the occupants under arrest. Vale, 95-0577 at 3-4, 666 So.2d at 1072.
In its general charge, the trial court told jurors that "[i]f you believe that a witness has lied as to any material fact, you are entitled to disregard all or any portion of his entire testimony." The court also correctly informed jurors that "mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime...." See State v. Schwander, 345 So.2d 1173, 1175 (La.1977) ("[a] trial jury's inference that an accused aided and abetted in a crime cannot be `mere speculation based upon guilt by association.' ") (quoting State v. Williams, 310 So.2d 513, 515 (La.1975)); see also State v. Harris, 94-0970, p. 4 (La.12/8/94), 647 So.2d 337, 338 ("`mere presence of someone in the area where the controlled dangerous substance is found, or mere association with the person found to be in possession of the contraband, is insufficient to constitute constructive possession' ") (quoting State v. Walker, 369 So.2d 1345, 1346 (La.1979)). Under the particular circumstances of this case, and considering the instructions given by the trial court and the fact that the prosecutrix continually stressed to the jury that there was "nothing hanging" over Bergeron to influence his recovered memory, we cannot say beyond a reasonable doubt that this jury would not have discredited Bergeron's testimony as to *879 Vale once the coincidence between the witness's claimed recovered memory and his arrest on another major felony came to light and that they surely would have returned the same verdict against Vale as they did against Neidhardt.
Accordingly, relator's conviction and sentence are reversed and this case is remanded to the district court for further proceedings in accord with the law.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED
NOTES
[*] Johnson, J., not on panel. Rule IV, Part 2, § 3.