I JOAN BERNARD ARMSTRONG, Judge.
This appeal concerns a resentencing only.
In 1997, the defendant, Tony Davis, was convicted of simple burglary. The State filed a multiple bill, and after a hearing, he was sentenced under La. R.S. 15:529.1 and State v. Dorthey, 623 So.2d 1276 (La.1993), to serve twelve years at hard labor as a third felony offender. The sentence was a departure from the life sentence mandated by the Habitual Offender Statute. Both the State and Davis appealed, and this Court affirmed his conviction but vacated his sentence, remanding the case for re-sentencing because the twelve-year term was illegally lenient. State v. Davis, 98-0731 (La.App. 4 Cir. 10/20/99), 745 So.2d 136, writ denied, 99-3295 (La.5/12/00), 762 So.2d 11.[1]
At the resentencing hearing on July 14, 2000, the defendant was resentenced to life imprisonment as a third felony offender under La. R.S. 15:529.1.[2] His motion for reconsideration of sentence was denied, and his motion for an appeal was granted.
laThe facts are not at issue here.
The defendant makes two assignments of error; he maintains that the trial court erred (1) in failing to advise him of the post-conviction relief provisions, and (2) in imposing an excessive sentence.
The defendant complains that the trial court did not advise him of the time limits for post-conviction relief. However, this article contains merely precatory language and does not bestow an enforceable right upon an individual defendant. State *545 ex rel. Glover v. State, 93-2330, 94-2101, 94-2197, p. 21 (La.9/5/95), 660 So.2d 1189, 1201.
Nevertheless, in the interest of judicial economy, we note that La.C.Cr.P. art. 930.8 generally requires that applications for post-conviction relief be filed within two years of the finality of a conviction, i.e., from the date the judgment of conviction and sentence become final.
In his second assignment, the defendant argues that his sentence of life imprisonment is excessive. He concedes this sentence was the mandatory term but argues the sentence is constitutionally excessive given the nature of his convictions. He argues that under State v. Dorthey, 623 So.2d 1276 (La.1993) and State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, writ denied, 98-3054 (La.4/1/99), 741 So.2d 1282, the court should have imposed a sentence below the mandatory minimum.
The defendant was sentenced to life imprisonment pursuant to La. R.S. 15:529.1(A)(l)(b)(ii) which provides:
If the third felony or either of the two prior felonies is a felony defined as a crime of violence under R.S. 14:2(13) or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years or any | sother crime punishable by imprisonment for more than twelve years, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.
The defendant’s first conviction was for possession of marijuana with intent to distribute, a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for more than five years. Thus, he received the mandatory life sentence as a third felony habitual offender under La. R.S. 15:529.1(A)(l)(b)(ii).
In State v. Smith, 2000-0523 (La.App. 4 Cir. 12/20/00), 777 So.2d 584, this Court recently considered an excessive sentence claim by a third felony offender sentenced under La. R.S. 15:529.1(A)(l)(b)(ii) and stated:
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La.3/4/98), 709 So.2d 672, 676-677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906, at pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223. There must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir.4/15/98), 715 So.2d 457, 461, writ denied, 98-2360 (La.2/5/99), 737 So.2d 741.
Recently, the Louisiana Supreme Court in State v. Lindsey, 99-3256 (La.10/17/00), 770 So.2d 339, mandated that the guidelines set forth in State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672, govern the review of mandatory minimum sentencing under an excessive sentence claim.
In Lindsey, the Court stated:
*546 “[a] court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the ^particular case before it which would rebut [the] presumption of constitutionality” and emphasized that “departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.”
Id. at p. 5, 770 So.2d at 842. (quoting Johnson, 709 So.2d at 676-77).
The Court further stated that in departing from the mandatory minimum sentence, the court should examine whether the defendant has clearly and convincingly shown there are exceptional circumstances to warrant the departure:
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.
Id., (quoting Johnson, 709 So.2d at 676 (citing State v. Young, 94-1636 at pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527-528 (Plotkin, J., concurrence))).
[I]t is not the role of the sentencing court to question the wisdom of the Legislature in requiring enhanced punishments for multiple offenders. Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution.
Johnson, 709 So.2d at 677.
Under the Habitual Offender Law, a defendant with more than one felony conviction is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the law. Such a multiple offender is subjected to a longer sentence because he continues to break the law.
Smith, 2000-0523, p. 10-11, 777 So.2d at 589-590.
The defendant argues that his criminal history of a 1997 simple burglary, a 1981 possession of marijuana with intent to distribute, and a 1989 conviction for ^possession of cocaine does not mandate a life sentence. The State did not submit a brief in this case, and the record does not contain any evidence about the defendant except the list of his prior offenses.
Since this case was originally before this Court two years ago, this Court has considered several cases in which a fairly young defendant’s mandatory life sentence pursuant to La. R.S. 15:529.1(A)(l)(b)(ii) or La. R.S. 15:529.1(A)(l)(c)(ii) was vacated for a rehearing on excessiveness.[3] The defendant argues that his sentence is similarly unconstitutionally excessive and argues that State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), p. 11, 723 So.2d 1013, 1020, is indistinguishable from his case.
In State v. Burns, this Court vacated the life sentence of a fourth felony habitual offender after finding that, on the facts pertaining to that defendant, it was “un *547 able to conclude that this life sentence is not excessive under the constitutional standard.” The defendant in Bums was observed by police selling one rock of crack cocaine to a third person, and when he was arrested, he was in possession of two more rocks and fifty-seven dollars. The defendant testified at trial that he was addicted to cocaine, and two of his prior convictions were for possession of cocaine. This Court looked at the fact that the defendant sold cocaine to support his habit and that-at twenty-five years old-he was young enough for rehabilitation. The defendant’s strong family support system, the fact that he had never possessed a dangerous weapon, and his non-violent history were also factors contributing to the Court’s decision.
Again, in State v. Stevenson, 99-2824 (La.App. 4 Cir. 3/15/00), 757 So.2d 872, writ denied, 2000-1061 (La.11/17/00), 773 So.2d 734, this Court reversed the mandatory life sentence imposed upon a third-felony habitual offender, likening it to Bums. In Stevenson, the defendant was a thirty-eight year old mother convicted of distribution of one rock of crack cocaine, with prior convictions for felony theft and simple burglary of an inhabited dwelling. No drugs were found on her person after her arrest for distribution of the cocaine. The Court noted that, like the defendant in Bums, she had no record of violent crimes; nor was there any evidence she had ever used a dangerous weapon. The Court conceded that, unlike in Bums, the defendant in Stevenson did not testify that she was a drug addict, and no one testified in her behalf. However, this Court noted that the trial court had ordered the defendant to report to a substance program, and inferred the possibility that she, like the defendant in Bums, was a drug addict who sold the cocaine to support her own habit. The Court concluded by stating:
In the case at bar, the life sentence imposed on this third offender may not be proportionate to the crime for which she was convicted, namely the selling of one rock of cocaine. Defendant does not have a violent history and does not appear to have significant ties to drug distributors. She may have been supporting a drug addiction with the transaction; she is fairly young, and she is a mother. It must be remembered that, if defendant does receive a life sentence, any hope for her rehabilitation will vanish, and “the taxpayers of the state [will have to] feed, house, and clothe [her] for life.” State v. Hayes, 97-1526 (La.App. 1 Cir. 6/25/99), 739 So.2d 301, 303. On the other hand, it cannot be forgotten that defendant has had two prior chances to prove herself capable of rehabilitation and has failed. She deserves severe, but constitutional, punishment.
On the record before us, we are unable to conclude' either that defendant’s mandatory life sentence is constitutional or that there is clear and convincing evidence to the contrary. Therefore, we vacate defendant’s sentence and remand this case to the district court for a hearing at which defendant may present evidence that she is | /‘exceptional ... a victim of the legislature’s failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.” State v. Young, 94-1636, pp. 5-6 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527-528, writ denied, 95-3010 (La.3/22/96), 669 So.2d 1223 (Plotkin, J., concurring). The district court must also consider whether, in light of the evidence presented by defendant-and any countervailing evidence presented by the State-a mandatory life sentence, for this defendant, makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless and needless *548 imposition of pain and suffering, and/or is grossly out of proportion to the severity of her crime. Lobato, supra.[4] If defendant succeeds in carrying her burden, the district court, after carefully considering the evidence before it, shall use its great discretion to sentence her to the longest sentence that is not constitutionally excessive, i.e. to the maximum constitutional sentence. Randall, 741 So.2d at 860.[5]
99-2824 at pp. 6-7, 757 So.2d at 875-876.
In Stevenson, the Court found that the scant record evidence suggested that the mandatory life sentence might be unconstitutionally excessive, but because the evidence was insufficient to resolve the issue, the Court vacated the sentence and remanded the case to allow the defendant the opportunity to do what she did not do at the habitual offender hearing prove by clear and convincing evidence that the mandatory minimum sentence under the Habitual Offender Law is unconstitutionally excessive as applied to her.
More recently in State v. Briscoe, 99-1841 (La.App. 4 Cir. 1/17/01), 779 So.2d 30, this Court followed the decision in State v. Stevenson; in Briscoe a thirty-two year old defendant sentenced to life imprisonment on a drug offense presented no mitigating evidence. No one testified on this defendant’s behalf as to his having any redeeming virtues, and he did not admit to being a cocaine addict. Additionally, there was no evidence that the defendant had ever been arrested for a | ^violent crime or had ever illegally used a weapon.
In the instant case, thirty-two year old defendant’s situation is like those of the defendants in Stevenson and Briscoe. The three felonies committed by the defendant in Stevenson were distribution of cocaine, felony theft and simple burglary of an inhabited dwelling; in Briscoe, the three felonies were possession with intent to distribute cocaine, possession of cocaine, and attempted possession of cocaine. In this case, the defendant’s crimes are simple burglary, possession of cocaine and possession of marijuana with intent to distribute. Furthermore, when the defendant was sentenced the first time, the trial judge stated that although in four years on the bench he had never made a downward departure at sentencing, in this case he deemed the life imprisonment term excessive in these circumstances and reduced the sentence accordingly.
Following Stevenson and Briscoe, we find that the record suggests that the defendant might not be deserving of the minimum mandatory life sentence provided by La. R.S. 15:529.1(A)(1)(b)(ii). However, the record before us does not provide enough evidence about the defendant for a conclusion as to the constitutionality of the life sentence in this case. Therefore, we vacate the defendant’s sentence and remand this case for a hearing at which he may show by clear and convincing evidence that the mandatory sentence is unconstitutionally excessive as applied to him.
For the foregoing reasons, the defendant’s sentence is vacated, and the case is remanded for resentencing.
I SENTENCE VACATED REMANDED FOR RESENTENCING

. The Supreme Court denied the writ because the relator could reurge the issue after resen-tencing.

. The trial court did not enunciate that the sentence was to be served without benefit of parole, probation, or suspension of sentence; however, under La. R.S. 15:301.1 when the statute under which the defendant is sentenced states that the term must be imposed without benefits, the court's failure to so specify does not affect the statutory requirement.

. In three cases cited below this Court vacated the life sentences; in two additional cases this Court found the defendant had failed to meet his burden of proving his sentence constitutionally excessive and affirmed the sentences. State v. Finch, 97-2060 (La.App 4 Cir. 2/24/99), 730 So.2d 1020, writ denied, 99-1240 (La.10/8/99), 750 So.2d 179, writ denied, 99-1300 (La.10/8/99), 750 So.2d 963; State v. Long, 97-2434 (La.App. 4 Cir. 8/25/99), 744 So.2d 143, writ denied, 99-2780 (La.3/17/00), 756 So.2d 1140.

. State v. Lobato, 603 So.2d 739 (La.1992).

. State v. Randall, 98-1763 (La.App. 3 Cir. 6/9/99), 741 So.2d 852, writ granted, 99-2476 (La.2/11/00), 754 So.2d 245.