844 So.2d 149 (2003)
STATE of Louisiana
v.
Jerry BENTLEY.
No. 2002-KA-1564.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 2003.
*150 Hary F. Connick, District Attorney, Claire A. White, Assistant District Attorney, New Orleans, LA, for Plaintiff/Appellee.
Mary Constance Hanes, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge WILLIAM H. BYRNES III, Judge PATRICIA RIVET MURRAY, and Judge MICHAEL E. KIRBY).
Chief Judge WILLIAM H. BYRNES, III.

STATEMENT OF CASE
On July 6, 2001, defendant was charged by bill of information with possession with intent to distribute cocaine. On August 21, 2001, a hearing on defense motions was held, following which, the trial court denied *151 the motion to suppress evidence and found probable cause. On October 3, 2001, the state amended the bill of information to charge the defendant with distribution of cocaine. On October 15, 2001 a trial was held, and the jury found the defendant guilty as charged. On November 5, 2001, the trial court sentenced the defendant to five years at hard labor. On the same date, the state filed a multiple offender bill of information alleging the defendant to be a third felony offender. On May 16, 2001, a hearing on the multiple bill was held, following which, the trial court found the defendant to be a third felony offender and sentenced him to twenty years in the custody of the Department of Corrections. Defendant filed a motion to reconsider sentence and a motion to quash the multiple bill, both of which the trial court denied. Defendant's motion for appeal was granted.

STATEMENT OF FACT
On May 9, 2001, near midnight, Sgt. Michael Glasser and Lieutenant Tami Brisset were conducting an undercover buy bust operation in the area of the St. Bernard Avenue and North Claiborne Avenue. The operation called for the officers to place themselves in a position to purchase drugs should the opportunity arise. Supporting units would then effect the arrest of the individual. The two officers were dressed in plain clothes and were driving a rental car.
While traveling slowly on Laharpe Street near the intersection of North Robertson, a man on a bicycle approached from the opposite direction. As he passed the car, the man yelled "Hey." Sgt. Glasser slowed the vehicle to a halt and the man turned back, approached the driver's side of the vehicle, and greeted the officers. Sgt. Glasser told the suspect that he was looking for two dimes or a twenty, referring to two pieces of crack cocaine valued at ten dollars each or one piece worth twenty dollars. The individual then spat two pieces of crack cocaine from his mouth and handed them to Sgt. Glasser. The sergeant then handed the man a twenty dollar bill, which had been previously photocopied.
After completing the transaction, Sgt. Glassser drove off and radioed to the supporting units that the suspect was behind him on Laharpe Street and provided a description. When the support units approached, the suspect recognized them as police and took flight. He was eventually apprehended in a parking lot in the area. The twenty dollar bill used in the transaction was recovered from the defendant. Sgt. Glasser and Lieutenant Brisset came into the parking lot and identified the suspect as the man from whom they had purchased the cocaine. Sgt. Glasser identified the defendant at trial.

ERRORS PATENT
A review of the record for errors patent reflects that defendant received an illegal sentence. La. R.S. 40:967(B) as it existed at the time the offense was committed, required that a defendant serve the mandatory minimum term of five years without eligibility for parole. La.R.S. 15:301.1(A) self-activates the correction and eliminates the need to remand for a ministerial correction of the sentence. See State v. Williams, XXXX-XXXX (La.11/28/01), 800 So.2d 790.

ASSIGNMENT OF ERROR NUMBER 1
Defendant contends that the trial court erred in denying his motion for mistrial in reference to comments by the prosecutor during closing arguments. Defendant alleges that the arguments constituted a reference to other crimes as prohibited by La.C.Cr.P. art. 770(2), which provides:

*152 Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Despite the mandatory language of La.C.Cr.P. art 770, an improper reference to other crimes is a "trial error" and therefore subject to harmless error review. State v. Johnson, 94-1379, p. 2 (La.11/27/95), 664 So.2d 94, 96; State v. Robinson, 00-1050 (La.App. 4 Cir. 4/11/01), 784 So.2d 781.
Near the conclusion of the state's rebuttal closing, the prosecutor made the following statement:
Do you want to uphold the law along with these police officers? That's what it comes down to. They drew you a map: they told you what happened. If any of you think they weren't straight with you then you heard something different than Mr. Myers (defense counsel) heard. Because he got up here and said, okay I'm not going to try and tell you this and that. It's called, I'll tell you a little bit, but I won't tell you a lot, game that's played. I'll tell you he's a drug dealer but I won't tell you how many times he's gone out there and done it before he finally got caught. [Emphasis added.]
Defense counsel objected and the objection was sustained. The state concluded its closing argument, the trial court instructed the jury, and deliberations commenced. Thereafter, defense counsel moved for a mistrial arguing that the prosecutor's statement suggested that the defendant had done this before. In denying the motion for mistrial, the trial court noted to defense counsel that he had sustained the objection and that he would have been glad to give a curative instruction at the time the statement was made, but none was requested. Ordinarily, the failure to request an admonition or a mistrial when entering an objection, or after it is sustained, fails to preserve the alleged error for appellate review. See State v. Varnado, 97-2823, p. 19 (La.App. 4 Cir. 5/19/99), 737 So.2d 240, 252, citing State v. Matthews, 95-1245 (La.App. 4 Cir. 8/21/96), 679 So.2d 977.
Regardless, the state suggests that the prosecutor's comment was not directed at the defendant but at defense counsel's argument, and therefore, viewed in context, the statement was not improper. But the defendant counters, that in spite of the fact that the prosecutor was arguably suggesting to the jury that defense counsel's arguments were less than forthcoming, the comment clearly invited the jury to consider, or even suggested that the defendant had sold drugs in the past. Citing State v. Vanderlinder, 552 So.2d 1274 (La. App. 5 Cir.1989), the defendant contends that it was error to deny his motion for a mistrial. However, Vanderlinder was decided prior to the decision in State v. Johnson, supra, wherein the Louisiana Supreme court declared that in spite of the mandatory language of La.C.Cr.P. art. 770, *153 an improper reference to other crimes is subject to harmless error review. State v. Lewis, XXXX-XXXX (La.App. 4 Cir. 10/31/01), 800 So.2d 1077. Therefore, Vanderlinder is irrelevant to the instant case.
Assuming error, the inquiry shifts to whether the error was harmless beyond a reasonable doubt, that is to say, whether the verdict actually rendered in the trial was surely unattributable to the error. See Sullivan v. Louisiana, 508 U.S. 275, 279, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993); State v. Vale, 96-2953, p. 2 (La.9/19/97), 699 So.2d 876, 877; State v. Code, 627 So.2d 1373, 1384-85 (La.1993).
In State v. Lewis, XXXX-XXXX (La.App. 4 Cir. 10/31/01), 800 So.2d 1077, this court addressed a nearly identical situation as here. The defendant was apprehended in a buy bust operation after selling heroin to two undercover officers. After the sale, the defendant and a companion entered a grocery store where they were apprehended. During the prosecutor's closing argument, he made the statement, "Lewis was in charge of this operation, providing what was needed by Mr. Collins to make his business go. And who knows how long this has been going on, selling. A couple of foils one time, a few foils another time." Id., XXXX-XXXX, p. 4, 800 So.2d at 1080. Based primarily on the strength of the evidence, this court determined that the error was harmless. In finding the error harmless, this court also relied on the fact that the trial court gave the standard instruction that the argument of counsel was not to be considered evidence when it charged the jury.
In the instant case, the defendant contends that because the record does not contain the trial court's jury instructions, Lewis can be distinguished. Absent a showing that the jury was charged relative to the arguments of counsel, the error did not contribute to the verdict where the evidence against Bentley was overwhelming. Instead of trying to convince the jury that Bentley was not engaged in a drug transaction, defense counsel concentrated his closing argument on an effort to persuade the jury that, in spite of his client's guilt, in view of the small amount of drugs involved, the jury should return a lenient responsive verdict. Appellate counsel did not raise any evidentiary issue on appeal.
Defendant contends further that Lewis can also be distinguished because in the instant case, the prosecutor's statements following the defense objection compounded the error:
I don't like that. If you're going to come up and `fess up at the end of trial after we've proven our case, just go the whole way. Go the whole way. That's what I'm trying to do right now. Go the whole way with you, and tell you to find him guilty as charged.
Because like the big drug dealer he was talking about, he's doing the same thing. Maybe not as much. But you know what? It's still the same thing. And that's why you should care. Because when we get right down to it it's kind of a battle between getting you to care enough. He's trying to tell you don't care too much; I'm trying to tell you to care as much as the law tells to you care, as much as the law allows you to care.
And then we'll leave it to the judge to decide what the appropriate penalty is in this case. And again I thank you for your service.
There are two reasons why this Court finds this portion of the prosecutor's closing statement unobjectionable: First, the defense made no objection to it when it was made, raising the issue for the first time on this appeal; and second, placing it *154 in the context[1] of the closing statement as a whole, it is evident that it is a reference not to "other crimes" or to the immediately preceding objectionable paragraph, but to the prosecutor's unobjectionable statement just prior to the objectionable statement:
The law does not specify any amount. It doesn't say, well, a drug dealer is somebody who's got big fat rocks and a Lexus and whatever else. The law just says no dealing in drugs, no possession of drugs. We don't want it and we know why. I don't need to go into any of that. We all know why. I don't know, maybe some drug dealers drive Lexus'[2]; some drug dealers drive a wide style bike. But you know what? They all have something in common. They are out there breaking the law. They are out there breaking your laws that you elected people to pass.
And that's what it's really about. Do you want to let the law breakers skate on by on sympathy because he's not the biggest baddest drug dealer out there? [Emphasis added.]
What the prosecutor is saying is that the law against the distribution of cocaine under which Bentley was charged does not require proof of large amounts of cocaine or proof of repeated sales. This is a reasonable and unobjectionable response to the statements made by defense counsel in his closing statement in support of his argument that the crime with which the defendant was charged should be reserved for major drug pushers in an attempt to get the jury to return a responsive verdict of a lesser offense:
Look at the evidence in this case. These are two little crumbs of cocaine, that if anything probably came from what used to maybe be something that somebody got from a drug dealer that's out there trying to hustle and make a buck to support a habit. This is not a five to 30 year distribution of drugs, thugs standing on the corner with a pocketful of drugs and a pocketful of money and a gun slinging drugs on the corner.
If anything this is a crime of opportunity and should be punished that way.
The judge is going to read you a list, a rather long list of what is called responsive verdicts in case [sic]. And those are going to include attempt distribution of cocaine, simple possession of cocaine, and attempt simple possession of cocaine. And those aren't there just for the Judge to read and spend five minutes talking about for no reason. They're there for you all as a jury to consider, and to consider the possibility of finding the defendant guilty of those responsive charges, including the responsive charge of not guilty.
I'd asked you to give those some weight, to give some weight to the real facts of what's going on here. This isn't the 2000 Lexus that the thug drug dealer with gold teeth and a pocketful of money and drugs is riding round with. And Mr. Spano [the prosecutor] is going to tell you that doesn't matter. And you know what? Under the law, the strictest reading of the law, you know what? He's right; that doesn't matter. [Emphasis added.]
*155 In context, it can be seen that the prosecutor's post objection statement is not a reference to other crimes, but is a response to the defense's argument that, in spite of the fact that the defendant may technically be guilty of the crime of distribution of cocaine, his infraction was minor so that the jury should bring in a verdict of a lesser offense.
To warrant a mistrial, it is not sufficient for a comment to arguably point to a prior crime; rather, the comment must unmistakably point to evidence of another crime and unambiguously point to the defendant. State v. McNeil, 98-0954 (La. App. 4 Cir. 2/16/00), 753 So.2d 938. The prosecutor's second statement does not point to a prior crime in the instant case.
The prosecutor's reference to other crimes is harmless error in view of the overwhelming evidence of the defendant's guilt, i.e. the reference to other crimes did not contribute to the verdict. The post objection statement made by the prosecutor immediately following his reference to other crimes was not an additional reference to other crimes, but was a reference to an earlier statement made by the defense. The defendant failed to object and preserve the issue for review on appeal.
The defendant bears the burden of proving that a mistrial is warranted based on a prejudicial comment. State v. McNeil, 98-0954 (La.App. 4 Cir. 2/16/00), 753 So.2d 938. The defendant failed to successfully carry that burden in the instant case. This finding precludes a review of the following two issues: (1) whether the defense's motion for a mistrial was timely when it was raised after the jury began deliberations instead of at the time of the prosecution's statement; and (2) whether the trial court should have admonished the jury.[3]
The assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER 2
Defendant contends that his twenty year sentence is excessive. The multiple bill reflects that the defendant was twice convicted of possession of cocaine: Once in 1992 and again in 1998. As a third felony offender, the defendant's sentence of twenty years was the prescribed minimum under La. R.S. 15:529.1 A(1)(b)(ii).
In State v. Lindsey, 99-3256 p. 4-5 (La.10/17/00), 770 So.2d 339, 342-43, cert. denied, 532 U.S. 1010, 121 S.Ct. 1739, 149 L.Ed.2d 663 (2001), the Louisiana Supreme Court summarized the current jurisprudence relating to the issue of sentencing below the statutory minimum of the multiple offender law. The court held that the habitual offender statute was constitutional and that the mandatory minimum sentences contained therein should be enforced unless unconstitutionally excessive under Article I, Section 20 of the Louisiana Constitution.
*156 The standard set forth in State v. Dorthey, 623 So.2d 1276 (La.1993), requires affirmance of the statutory sentence unless it makes no measurable contribution to acceptable goals of punishment or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. A trial court may depart from the statutory minimum sentence only where there is clear and convincing evidence that would rebut the presumption of constitutionality, and such cases are rare. The burden is on a defendant to rebut the presumption that a mandatory minimum sentence is constitutional. To do so, a defendant must show by clear and convincing evidence that he is exceptional, which, in this context, means that, because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense and the circumstances of the case. State v. Johnson, 97-1906, p. 8 (La.03/04/98), 709 So.2d 672, 676-677. The burden of producing clear and convincing evidence is on the defendant.
Defendant argues that his sentence is constitutionally excessive in light of the fact that the circumstances of the offense, (i.e. that more drugs, a gun, or a large sum of money were not recovered) indicate that he was not a large scale dealer. Defendant further suggests that his previous history indicates that he is an addict who sold the drugs to support his habit.
In Johnson, the Louisiana Supreme Court reviewed the balance between the authority of the legislature and the judiciary. The Supreme Court also took into account the effect of the legislature's multiple bill law on non-violent offenders and violent offenders:
A sentencing judge must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. See State v. Dorthey, supra at 1281 (Marcus, J., concurring); State v. Young[, 94-1636 (La.App. 4th Cir. 10/26/95), 663 So.2d 525], supra. A court may only depart from the minimum sentence if it finds that there is clear and convincing evidence in the particular case before it which would rebut this presumption of constitutionality.
A trial judge may not rely solely upon the non-violent nature of the instant crime or of past crimes as evidence which justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. LSA-R.S. 15:529.1 provides that persons adjudicated as third or fourth offenders may receive a longer sentence if their instant or prior offense is defined as a "crime of violence" under LSA-R.S. 14:2(13). Thus the Legislature, with its power to define crimes and punishments, has already made a distinction in sentences between those who commit crimes of violence and those who do not. Under the Habitual Offender Law those third and fourth offenders who have a history of violent crime get longer sentences, while those who do not are allowed lesser sentences. So while a defendant's record of nonviolent offenses may play a role in a sentencing judge's determination that a minimum sentence is too long, it cannot be the only reason, or even the major reason, for declaring such a sentence excessive. [Emphasis added.]
Id., 709 So.2d at 676.
*157 The Supreme Court in Johnson overturned the less than twenty year minimum sentence imposed by the trial court and the court of appeal in spite of the defendant's non-violent history, his drug use, and the exceedingly small amount of drugs involved, noting that even if no more than pipe residue were involved, the result would be the same. The Supreme Court indicated that had the defendant in that case been convicted of possession with intent to distribute, as was Bentley in the instant case, it would have been considered more serious. In contemplation of the laws enacted by the legislature, and considering the defendant's non-violent history, his drug use, and the small amount of drugs involved, in the aggregate, these factors are not sufficient to prove clearly and convincingly that the defendant is "exceptional." The defendant did not show that because of unusual circumstances, the defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender and the gravity of the offense.
Although no evidence was entered during the defendant's sentencing hearing to indicate that the defendant is exceptional, the defendant requests on the basis of State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98) 723 So.2d 1013, and State v. Stevenson, 99-2824 (La.App. 4 Cir. 3/15/00) 757 So.2d 872, that the case be remanded so that he may present evidence that the mandatory minimum sentence is unconstitutional as applied to him.[4] As in Burns and Stevenson, Bentley was convicted of distributing a small amount of cocaine. Bentley is also similar to the defendant in Burns in that he has two prior convictions for possession of cocaine and no history of violent offenses. At trial, the defendant in Burns testified that he was addicted to cocaine. Bentley was ordered to undergo drug treatment in 1992 as a condition of his sentence. However, in both Burns and Stevenson, the defendants received life sentences. In Burns this Court stated that:
Whenever a defendant is faced with a mandatory life sentence as a multiple offender, heightened scrutiny is triggered when determining if defendant falls within those "rare" circumstances where a downward departure is warranted. [Emphasis added.]
Id., p. 8, 723 So.2d at 1019.
However, this Court prefaced that remark in Burns by distinguishing the defendant in that case from the defendant in Johnson, a distinction that demonstrates that Bentley, who was sentenced to twenty years in the instant case, should be treated like the defendant in Johnson who received the same twenty year sentence, rather than the defendant in Burns who received a life sentence:
Here the defendant has much more at stake than did the defendant in Johnson. In this case, the defendant will spend the rest of his life in jail because of the mandatory life sentence imposed.
Id., p. 8, 723 So.2d at 1019.
The defendant is not entitled to such "heightened scrutiny" in the instant case where the statutory minimum to which the defendant was sentenced was twenty years, not life.
Similarly, in Stevenson this Court, relying on State v. Randall, 98-1763 (La.App. 3 Cir. 6/9/99), 741 So.2d 852, placed great weight on the fact that a life sentence was involved:
A life sentence forever closes the door of hope that this young defendant might one day learn from his past mistakes *158 and ready himself to become a productive participant in our society.[[5]]
Stevenson, p. 5-6, 757 So.2d at 875.
State v. Briscoe also involves a life sentence. In State v. Davis, XXXX-XXXX (La. App. 4 Cir. 11/07/01), 801 So.2d 543, another mandatory life sentence case, this Court noted that:
[W]hen the defendant was sentenced the first time, the trial judge stated that although in four years on the bench he had never made a downward departure in sentencing, in this case he deemed the life imprisonment term excessive in these circumstances and reduced the sentence accordingly.
Id., p. 8, 801 So.2d at 548.
Contrary to Davis, the trial judge in the instant case made no indication that he felt that a deviation below the minimum was warranted. There is nothing comparably favorable to the defendant to be found in the record of the instant case. The trial judge agreed with defense counsel that the minimum was warranted.
Defense counsel at the multiple bill hearing of May 16, 2002, began his presentation with this statement: "Judge, I have no witnesses at this hearing.[6]" The following colloquy took place between the trial judge and defense counsel within the presence of the defendant:
MR. MEYERS [defense counsel]:
Judge, I believe that the sentencing range as a third offender in this case would be 20 to 60 years. I would ask the Court, Judge, in light of the nonviolent nature of all of Mr. Bentley's prior convictions and the fact that this is the only one that's even a second class case to consider imposing the minimum sentence in this matter, and also note that Mr. Bentley was found guilty of distribution of one piece of cocaine.
In light of all of that I don't believe that it would inure to anyone's benefit, society's, Mr. Bentley's, or this Court's to impose a sentence greater than the 20 years.
THE COURT:
The Court has reviewed the sentencing guidelines under 894.1 and agrees with Mr. Myers' argument. And after considering the guidelines in particular the Court is going to impose the minimum sentence. It's the minimum sentence I can impose under the law, which is 20 years in the Department of corrections as a third offender.
The trial court has a heavy burden in those instances where it chooses to deviate below the statutory minimum. Johnson, supra, Bastian, 96-2453 (La.12/13/96), 683 So.2d 1220, and State v. Gordon, 96-0427 (La.5/10/96), 672 So.2d 669. In the instant case, the trial judge articulated sufficient reasons for the imposition of the mandatory minimum sentence, thereby obviating the necessity for the remand the defendant now requests. Burns, supra, p. 6-7, 723 So.2d at 1018.
In State v. Carter, 99-0779, p. 26 (La. App. 4 Cir. 11/15/00), 773 So.2d 268, 284, this Court concluded:
... Furthermore, defendant offered no evidence on his own behalf, as to any redeeming qualities he possessed. [Emphasis added.]
Under these circumstances, defendant has failed to present substantial evidence to clearly and convincingly show that the mandatory minimum life sentence under the Habitual Offender Law is excessive as applied to him. The record does not provide a suggestion *159 that the sentence is unconstitutionally excessive as applied to defendant.
Carter places the burden on the defendant to show what his redeeming qualities might be and "to present substantial evidence that the minimum ... sentence under the Habitual Offender Law is unconstitutionally excessive as applied to him." Id., p. 24, 773 So.2d at 284. At the multiple bill hearing in the instant case, the defendant did not provide mitigating circumstances when he had the opportunity. The trial judge expressed sufficient reasons for his sentencing decision. The sentence imposed, the statutory minimum, was far less than the maximum number of years permitted under the mandatory sentencing range.

DECREE
Considering the foregoing, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Comments must be viewed in light of the context in which they were made when determining whether mistrial is warranted. State v. McNeil, 98-0954 (La.App. 4 Cir. 2/16/00), 753 So.2d 938.
[2] A reference to the following statement by the defense counsel:

This isn't the 2000 Lexus that the thug drug dealer with gold teeth and a pocketful of money and drugs is riding round with.
[3] Contrast the lack of any objection by the defense to the prosecution's post objection statement with the earlier immediate prosecution objection to the defense argument:

MR. MEYERS [DEFENSE COUNSEL]:
* * *
Now, let me move on to one other area. And I'm just going to keep this real short. Distribution of cocaine: Five years in the Department of Corrections, minimum. Five years in the Department of Corrections. Five years of your life up to a maximum of 30 years of your life in the Department of Corrections.
The law wasn't designed for little guys running around just acting stupid. The law was
MR. SPANO [THE PROSECUTOR]:
Your honor, I'm going to object at this point. The law applies to all individuals equally, regardless of who they are. And I would ask that an instruction be given to the jury.
[4] See also State v. Briscoe, 99-1841 (La.App. 4 Cir. 1/17/01); 779 So.2d 30.
[5] See also State v. Wilson, 00-1736, p. 6 (La. App. 4 Cir. 11/14/01), 803 So.2d 102, 107.
[6] The minute entry for the multiple bill hearing notes that the defendant was present.