MAX N. TOBIAS, JR., Judge.
hOn the evening of 16 October 2009, the defendant, Bruce A. Sims (“Sims”), argued with the victim, Lonnie Stevens, when Mr. Stevens and his girlfriend, Dawn Mosley, arrived at her house on North Rocheblave Street in New Orleans. Sims was also involved with Ms. Mosley. Mr. Stevens entered the home of Ms. Mosley to retrieve his bag while continuing to argue with Sims. Mr. Stevens threw a bottle at Sims and Sims stabbed him multiple times.
On 17 December 2009, Sims was charged' by bill of information with one count of attempted second degree murder, a violation of La. R.S. 14(27)30.1. A jury trial was held on 6 April 2010 and the jury returned a responsive verdict of guilty of attempted manslaughter. Thereafter, Sims was sentenced to twenty years at hard labor with credit for time served. The state then filed a multiple bill; the trial court adjudicated Sims as a triple offender and sentenced him to life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.
In Sims’ first appeal, this court affirmed his conviction and remanded the case for resentencing to considering Sims’ then pending motion to reconsider his sentence. See State v. Sims, 10-1227 (La.App. 4 Cir. 9/23/11), 75 So.3d 478, writ denied, 11-2417 (La.6/1/12), 90 So.3d 432. In his motion to reconsider sentence, Sims sought a downward departure of his sentence pursuant to State v. Dorthey, 623 So.2d 1276 (La.1993).
The trial court denied Sims’ motion to reconsider his sentence on 21 September 2011 reasoning that it did not have discretion and was bound to impose the mandatory life sentence under La. R.S. 15:529.1.
Once again, Sims appealed. We affirmed his adjudication as a multiple offender, vacated his sentence, and remanded for resentencing. See State v. Sims, 13-0177 (La.App. 4 Cir. 8/28/13), 123 So.3d 806. We stated:
... because the trial court misstated its sentencing authority, the defendant’s sentence is vacated and the matter is remanded for a new hearing on the defendant’s motion to reconsider to allow him the opportunity to present any mitigating factors, like those referenced in his brief and his motion to reconsider, and attempt to show a life sentence is excessive under the circumstances.
Id., p. 13, 123 So.3d at 814.
A hearing on the motion was conducted on 30 October 2013; on 7 November 2013 the trial court denied the motion stating that it was “leaving the sentence as it is.” The instant appeal followed.
Assignments of Error
In his assignments of error, Sims argues that the trial court erred in failing to re-sentence him as ordered by this court in his second appeal. However, the specific order was to conduct a new hearing on the motion to reconsider, which the court did, *1172 and it chose to leave Sims’ sentence as that originally imposed.
Sims also maintains that the trial court erred in denying his motion to impose a sentence below the mandatory minimum. More specifically, he argues |sthat his sentence of life imprisonment is excessive be•cause he acted in self-defense, the victim was not seriously injured as evidenced by the victim’s release from the hospital that same day and his ultimate surrender to the police.
Discussion
At the 30 October 2013 resentencing hearing, the trial court stated in recognition of this court’s remand that it was aware of its discretionary power, indicating that it was considering the evidence and any mitigating factors prior to the resen-tencing, stating, “I am certainly a firm believer of giving judge’s [sic] discretion, but this case, [sic] has this predicate offense of first degree that was plead down to manslaughter.”
In an attempt to support his Dorothy motion at resentencing, Sims’ counsel offered into evidence the following:
• The affidavit of Ginger Parsons, a social worker, who attested that she was asked to gather mitigating evidence on behalf of Sims and that she had been working on his case since October 2013. She stated that her investigation was not complete, but that Sims is loyal and unselfish; he was born to a single mother and resided in the Florida housing projects with two younger brothers; and Sims witnessed violence at an early age, causing him to be defensive in life. She said that he took on the role of caretaker and finds regular employment.
• The affidavit of Powell Miller who stated that he represented Sims at his 2010 trial; Ms. Mosley was an eyewitness to the criminal event, who testified that the victim was the aggressor because he threw a beer bottle at Sims and provoked him.
• The trial transcript, which Sims averred showed that he was not the aggressor and that he acted in self-defense.
First, the trial court concluded that Sims was not acting in self-defense because once the victim threw the bottle at Sims the conflict ended. Fi"om there, the trial court took the matter under advisement and the parties returned for the actual resentencing, at which time Sims’ motion was denied.
In State v. Hall, 14-1046 (La.App. 4 Cir. 5/13/15), 172 So.3d 61, writ denied, 15-0977 (La.6/5/15), 169 So.3d 348, the defendant appealed his conviction and sentence of twenty years at hard labor for possession of cocaine as a fourth offender. Hall argued that his twenty-year sentence was excessive. This court relied on similar cases and stated:
Mandatory minimum sentences imposed on multiple offenders under the Habitual Offender Law are presumed to be constitutional, and a defendant bears the burden of rebutting that presumption. State v. Ladd, 13-1663, p. 3 (La.App. 4 Cir. 7/2/14), 146 So.3d 642, 644, vacated and remanded on other grounds, 14-1611 (La.3/27/15), [164] So.3d [184], (citing State v. Johnson, 97-1906, pp. 5-6 (La.3/4/98), 709 So.2d 672, 675, and State v. Short, 96-2780, p. 8 (La.App. 4 Cir. 11/18/98), 725 So.2d 23, 27). To rebut the presumption that a mandatory minimum sentence is constitutional, a defendant must clearly and convincingly show that:
[he] is exceptional, which in this context means that because of unusual circumstances, the defendant is a victim of the legislature’s failure to as *1173 sign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the ease.
Id. (quoting State v. Lindsey, 99-3302, p. 5 (La.10/17/00), 770 So.2d 339, 343). “[Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations.” Lindsey, p. 5, 770 So.2d at 343 (quoting Johnson, 97-1906, p. 8, 709 So.2d at 677).
Hall, 14-1046, p. 9, 172 So.3d at 69.
Here, Sims has failed to show that he is exceptional.
In State v. Burns, 97-1553 (La.App. 4 Cir. 11/10/98), 723 So.2d 1013, this court remanded for resentencing after finding that imposing a life sentence on the defendant would give little hope for rehabilitation and taxpayers would bear the burden of paying for him to be imprisoned. In Bums, the defendant was sentenced |sto life as a quadruple offender. He was arrested for possession of crack cocaine at the age of twenty-five and convicted of distribution. This court found that his other convictions, possession of cocaine and possession of stolen property, were nonviolent. We concluded that the defendant’s diminishing mental state and his nonviolent prior crimes provided extraordinary factors for the trial court to reconsider his sentence of life imprisonment.
Similarly, in State v. Stevenson, 99-2824 (La.App. 4 Cir. 3/15/00), 757 So.2d 872, we remanded the case for the trial court to allow the defendant to present mitigating evidence to show why her life sentence was excessive. The defendant, a drug-addicted mother, was found to be a third offender after being convicted for possession of cocaine with the intent to distribute. Her prior crimes included felony theft and simple burglary. We reasoned, as we did in Bums, that her non-violent criminal past warranted a remand for reconsideration of the mandatory minimum life sentence. In both Burns and Stevenson, convincing evidence was present that the defendants were addicted to drugs and led a life of survival through their criminal behavior.
More on point with the instant ease is State v. Landfair, 10-1693 (La.App. 4 Cir. 7/20/11), 70 So.3d 1061. In Landfair, the defendant robbed a hotel at gunpoint where he both lived and worked. He was recognized as the culprit by the woman working in the office at the time of the crime. Mr. Landfair was found to be a triple offender, having prior convictions for possession with the intent to distribute a controlled dangerous substance, and therefore sentenced to life. On appeal, he argued that his life sentence was excessive and sought a review under Dorthey. This court distinguished Landfair from Burns and Stevenson because the defendant in Landfair testified that he was not addicted to drugs and that he was actually aj^drug dealer. Further, his first degree robbery crime was a crime of violence, different from the non-violent criminal pasts of the defendants in Burns and Stevenson. We affirmed the sentence finding that, “[d]e-spite his attempt to present mitigating factors, the record fails to provide evidence that there were exceptional circumstances that would justify a downward departure from the mandatory term of life imprisonment.” Landfair, p. 21, 70 So.3d at 1074.
In the instant case, as in Landfair, the trial court considered the defendant’s record and determined that he had a violent past — first degree murder in 1993 (to which he pled guilty to the lesser charge of manslaughter). Also, the victim here was stabbed multiple times, and some of those stab wounds were inflicted near the victim’s heart.
*1174 We find that the trial court did not err in finding that Sims had not rebutted that the life sentence that was imposed on him as a third felony offender was excessive.
Conclusion
We affirm Sims’ sentence.
AFFIRMED.